IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § Criminal No. 3:05-CR-255-D | |
| VS. § | |
| § | |
| JEFFREY THOMAS GEORGE, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Jeffrey Thomas George ("George") has filed two pretrial motions that the court addresses in this memorandum opinion and order. One motion—his motion for pretrial notice under Fed. R. Evid. 404(b)—seeks similar relief to that requested as a component of his other motion—for discovery and inspection. The court will therefore consider the two motions together under the rubric of the more general motion discovery and inspection.

I

*Statements of Defendant*

George asks the court to compel the government to disclose copies, transcripts, summaries, and/or government reports or notes of any written or recorded statements, including audio or video recordings, made by the defendant to any person, including persons who are not government agents, that are within the possession, custody, or control of the government, and the substance of any oral statement made by the defendant, whether before or after arrest, to any attorney for the government or to a person known by the defendant to be a government agent or law enforcement officer, including probation, parole, or state police officers, that the government intends to offer in evidence at the trial or that are of any relevance to this prosecution, the substance of any oral statement made

to any person that goes to any element of the offense, the substance of any statements made by the defendant in response to *Miranda*-type warnings, and any grand jury testimony given by the defendant that relates in any way to the offense charged and the names of any grand jury witness who may testify at trial.

The government responds that it will comply with its obligations under Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). It notes its obligation to disclose information that falls within the scope of Rule 16(a)(1)(A) or (B), states that it is not presently aware of any evidence that comes within the scope of these provisions, and acknowledges that it will promptly disclose to George any such evidence that it hereafter discovers. The government opposes the request for discovery insofar as it exceeds the obligations imposed on it under Rule 16, *Brady*, or *Giglio*. It also opposes, as contrary to Rules 16(a)(2) and (a)(3), George's request for pretrial disclosure of grand jury testimony of government witnesses, except to the extent the court orders pretrial disclosure.

To the extent George's request falls within the scope of Rule 16(a)(1)(A) or (B), *Brady*, or *Giglio*, because the government has agreed to comply with its obligations thereunder, the motion is denied as moot. To the extent George requests pretrial disclosure of grand jury testimony of government witnesses, the court denies the motion except to the extent that the government must comply with its obligations under Rule 26.2 and the Jencks Act, 18 U.S.C. § 3500, no later than the deadline specified *infra* at § XVI.

George also "requests that the government be ordered to render all relevant aid which is reasonably available to ascertain the precise substance of any defendant's statements." The government opposes the request as ambiguous and exceeding the scope of Rule 16. The court

agrees. It has several times denied similar requests in other cases, concluding that they were vague and exceeded the scope of Rule 16. The government must, however, undertake such efforts as are required under *Kyles v. Whitley*, 514 U.S. 419 (1995), and like authorities so that it complies fully with its obligations under *Brady* and *Giglio*.

II

*Defendant's Prior Criminal Record*

George requests production of his prior criminal record, including the disposition of cases. He also requests production of the prior criminal record of each codefendant—which is inapposite in this single-defendant case—and any conviction arguably admissible against him, any codefendant, or other witness under Rule 609. The government states that, consistent with Rule 16(a)(1)(D), it will produce a copy of his prior criminal history report in its possession, custody, or control; it otherwise opposes the motion.

To the extent the government has agreed to comply with Rule 16(a)(1)(D), the motion is denied as moot. To the extent the request exceeds Rule 16(a)(1)(D), it is denied, unless the government is obligated under *Brady* and *Giglio* to make such a disclosure. The court denies George's request for notice of the government's intent to introduce evidence of a conviction under Rule 609 unless *Brady* or *Giglio* requires such disclosure or Rule 609(b) applies.

III

*Documents and Tangible Evidence*

George requests that the government produce all books, papers, documents, photographs, tangible objects, buildings, or places that are material to the preparation of his defense or that the government intends to use at trial, or that were obtained from or belong to him. He includes in his

request discovery of drugs, drug experiments, weapons, handwriting exemplars and fingerprint cards, photographic spreads or line-ups of him or a codefendant, agency manuals, directives, rules, or bulletins, including personnel manuals and rules, out-of-district documents possessed by government agencies to which the government has knowledge and access, and classified documents. The government notes its obligations under Rule 16(a)(1)(E) and states that it will produce all evidence that Rule 16(a)(1)(E) requires that it produce. To the extent the government has evinced its intent to produce materials within Rule 16(a)(1)(E), the motion is denied as moot. The court also directs the government to comply with its obligations under *Brady* and *Giglio*. Otherwise, the motion is denied.

IV

*Reports of Examinations and Tests*

George requests any results or reports of physical or mental examinations, scientific tests or experiments made in connection with the case that are material to the preparation of the defense or are intended for use by the government in the trial, including laboratory reports concerning the results of any drug tests, fingerprint or voice comparison analysis, handwriting analysis, psychiatric examinations of the defendant or a government witness, the underlying data and programs from any computer study results, and agency testing procedures. The government recognizes its obligations under Rule 16(a)(1)(F) and states that it will promptly produce such materials when it receives them. It also agrees to comply with Rule 16(a)(1)(G) concerning written summaries of expert testimony and states that it will provide such information in a timely fashion.

To the extent the government has agreed to comply with Rule 16(a)(1)( F) and (G), the motion is denied as moot.  The court also directs that the government comply with its obligations under *Brady* and *Giglio*.  To the extent George requests greater relief, his motion is denied.

V

*Coconspirator and Codefendant Statements*

George requests production of coconspirator and codefendant statements and disclosure by the government of any such statements, including statements that were recorded by video or audio recordings or by any other means by government agents or informants during the investigation and detection of this alleged offense, regardless whether the government intends to introduce the statements at trial.  He also requests the government to indicate the time, place, contents, and means of recording the conversations, and to make available to him complete recordings and transcripts so that he may assess the admissibility of these statements.  The government objects to George's request, contending that Rule 16 does not require disclosure of coconspirator or codefendant statements and that the courts of appeals that have addressed the question have uniformly rejected the premise that disclosure of coconspirator statements is required under Rule 16.

Except to the extent disclosure is required by *Brady*, *Giglio*, Rule 16, Rule 26.2, or the Jencks Act, the court denies the motion.  Concerning coconspirators, several courts have held that the fact that a coconspirator's statements are viewed as statements by the defendant under Rule 801(d)(2)(E) does not make them discoverable under Rule 16(a)(1)(A) or (B).  *See, e.g., United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988).  Furthermore, the Jencks Act and Rule 16(a)(2) do not authorize pretrial discovery of statements made by prospective government witnesses.  George's request for pretrial disclosure of coconspirator and codefendant statements to

determine admissibility is likewise denied. The admissibility of such statements can be determined at trial, and the statements can be considered in light of any other independent evidence. *See Bourjaily v. United States*, 483 U.S. 171, 180 (1987).

VI

*Other Crimes, Wrongs, or Acts*

George requests notice under Rule 404(b) of the government's intent to use evidence of his other crimes, wrongs, or acts and those of all other witnesses. He separately moves for pretrial notice under Rule 404(b) of the government's intention to introduce evidence of other crimes, wrongs, or acts. The government responds that it will comply with its obligations under Rule 404(b). The court orders the government to do so no later than the deadline specified *infra* at § XVI.

VII

*Informants*

George requests disclosure of the identity of any informant who was a percipient witness to or participant in the alleged offense. He also moves the court to order the government to (1) provide him with any information necessary to locate or contact any informant, (2) produce any informant for interview by his counsel, and (3) produce the informant at trial upon his request. He also requests any informant's criminal record, any promises of immunity or consideration made, the identification of any informant's prior testimony, evidence of psychiatric treatment of any informant, and any evidence of narcotic habits of any informant. The government represents that no confidential informants were participants in or witnesses to the alleged offense, and it requests that the court deny the motion as moot. Based on the government's response, the court denies the motion

as moot. If the government later determines that there are confidential informants, it must notify the court and George's counsel promptly so that George can seek any allowable discovery.

VIII

*Government Investigation Notes*

George requests production of any notes and/memoranda (whether handwritten or otherwise) that may have been made by a government agent in this case, including any person who may have been acting in an informer, investigative, or undercover capacity. If such materials were once in existence but have now been destroyed, he requests disclosure of the purpose and exact information surrounding their destruction. The government objects based on Rule 16(a)(2), contending that Rule 16 does not generally authorize disclosure of such documents.

Rule 16(a)(2) provides:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Agent notes or memoranda are not considered statements within the reach of the Jencks Act, unless adopted as a Jencks Act statement. Accordingly, except to the extent the government is obligated under *Brady*, *Giglio*, Rule 26.2, or the Jencks Act to produce government agent notes and memoranda, the motion is denied.

IX

*Government Communications to Defendant*

George requests disclosure of any communications with him undertaken by any government agent, informer, or anyone else acting at the government's direction since the commencement of adversarial proceedings against him. He also requests identification of the individuals involved, the details surrounding the communications, and the statements made. The government responds that it is aware of its obligations under Rule 16(a)(1)(A) and (B), *Brady*, and *Giglio*. It states that it is unaware of any such evidence but will produce it if obtained hereafter. And it objects to the extent the request exceeds the scope of Rule 16. In view of the government's response to George's request, the court denies the motion in part as moot and in part as exceeding the scope of Rule 16. The government must comply with its obligations under *Brady* and *Giglio* and make any disclosures that these authorities require.

X

*Witness Statements*

George requests that the court compel the government to produce witness statements at least 24 hours before the witness testifies at trial or sentencing, including prior grand jury testimony, prior written statements, witness reports or notes, reports of prior oral statements, and any prosecutor's notes concerning witness statements that have been or may be adopted, approved, or verified by the witness. He also moves the court to compel the government to produce all exculpatory, as well as negative exculpatory, witness statements, any evidence concerning narcotics habits or psychiatric treatment of its witnesses, and the personnel file of any government witnesses.

The government contends that disclosure of grand jury testimony and prior written statements is governed by Rule 26.2 and the Jencks Act. It acknowledges its obligations under the Constitution (i.e., *Brady* and *Giglio*). It argues, however, that neither Rule 16, *Brady*, nor *Giglio* entitles George to pretrial production of any of the requested materials or information.

The court orders the government to comply with its obligations under Rule 16, Rule 26.2, *Brady*, and *Giglio*. It must disclose Jencks Act and Rule 26.2 statements no later than the deadline specified *infra* at § XVI (which effectively grants George's request that he be given witness statements at least 24 hours before the witness testifies at trial). The court disagrees with the government that *Brady* and *Giglio* do not require pretrial production of any of the requested materials or information. *Cf., e.g., United States v. McKinney*, 758 F.2d 1036, 1049-50 (5th Cir. 1985) (referring to mid-trial disclosure of *Brady* evidence as "tardy disclosure" and holding that "courts have uniformly held that, in such circumstances, the inquiry is whether the defendant was prejudiced by the tardy disclosure"). Therefore, there may be occasions when Rule 26.2 and the Jencks Act permit the government to withhold disclosure, but *Brady* or *Giglio* nevertheless obligates the government to disclose at least a subset of a witness statement that contains material that falls within *Brady* or *Giglio*.

XI

*Statements of Individuals Who Will Not be Witnesses*

George requests disclosure of statements of individuals who will not be witnesses. The government objects, contending that neither the Jencks Act, Rule 16, nor Rule 26.2 authorizes such discovery. It maintains that the request should be denied, except to the extent the government is

obligated to comply with *Brady* and *Giglio*. The court agrees with the government. To the extent George seeks greater relief than that to which the government has agreed, his motion is denied.

XII

*Motion for* Brady *and* Giglio *Material*

George moves the court to direct the government to produce nineteen categories (including some sub-categories) of evidence in the possession of the government or its agents that would tend to exculpate him under *Brady*, or that would impeach government witnesses under *Giglio*. The government responds that it is aware of, and will fully comply with, its obligations under *Brady* and *Giglio*. The court therefore denies the motion as moot.

XIII

*Electronic Surveillance*

George moves for disclosure of electronic surveillance, including logs and transcripts concerning him, any coconspirator, codefendant, or witness, and documents such as Federal Bureau of Investigation "airtels" or interoffice memoranda relating to any monitored conversations. Based on the government's representation that there is no such surveillance, the court denies the motion as moot.

XIV

*List of Government Witnesses*

George moves the court to order the government to disclose the names and addresses of all witnesses to the actions described in the indictment, including any percipient witnesses or individuals who may have information relevant to the case whom the government does not intend to call at trial. The government opposes the request on several grounds.

The government must comply with *Brady* and *Giglio*. Additionally, the government must provide its witness list as required by the local criminal rules and the applicable pretrial order entered by the court. The question whether to grant a defendant's motion to discover the list of the government's witnesses is within the trial court's discretion. *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965). In this motion, George has failed to demonstrate grounds showing that production of the government's witness list in advance of the time prescribed by the court's order, or that production of the address of each witness, is warranted in this case. The motion is therefore denied to the extent it requests relief that exceeds what the court has granted.

## XV

### *Sentencing Guidelines Evidence*

George seeks disclosure of sentencing guidelines evidence. The government objects, except to the extent it is obligated under *Brady* or *Giglio* to produce information to George. Except to the extent disclosure is required by *Brady*, *Giglio*, Rule 16, 26.2, or 32(i)(2), the court denies the motion. The government must comply with these requirements no later than the date (if George is found guilty) by which the probation officer must disclose the presentence report or, if disclosure is required by Rule 32(i)(2), no later than seven days before the sentencing hearing.

## XVI

Except to the extent disclosure is governed by the Jencks Act or Rule 26.2, the government must comply with the disclosure obligations imposed by this order no later than January 23, 2006.

As to Jencks Act or Rule 26.2 disclosures, it must, in accordance with the custom in this district, disclose such statements no later than the end of the business day that precedes the date on which George will begin his cross-examination of a witness.

**SO ORDERED.**

January 12, 2006.

                                                SIDNEY A. FITZWATER
                                                UNITED STATES DISTRICT JUDGE