IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:05-CR-255-D |
| VS. § | |
| § | |
| JEFFREY THOMAS GEORGE, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Jeffrey Thomas George ("George") has applied to the court pursuant to 18 U.S.C. § 3143(b) for release pending appeal. For the reasons that follow, *see* Fed. R. App. P. 9(a)(1) and (b),[1] the court denies the application.

Section 3143(b) provides that a defendant who has been found guilty of an offense and sentenced to a term of imprisonment *shall* be detained unless the judicial officer finds, *inter alia*, that the appeal raises a substantial question of law or fact.[2] A substantial question of law or fact is one that is nonfrivolous and novel, raising substantial doubt as to the outcome of its resolution, with the defendant required to show that a contrary appellate ruling would more probably than not result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* § 3143(b)(1)(B)(i)-(iv); *United States v. Valera-*

---

[1] Under Rule 9(b), the court must comply with the requirements of Rule 9(a). Rule 9(a)(1) provides, in pertinent part, that the court must state in writing the reasons for an order regarding the detention of a defendant in a criminal case.

[2] The other elements of § 3143(b) are not pertinent. George does not present a risk of flight or pose a danger to the community, and he is not prosecuting this appeal for purposes of delay.

*Elizondo*, 761 F.2d 1020, 1022-25 (5th Cir. 1985).

To obtain release pending appeal, George relies on his position that the court should have granted his motion to suppress, contending that reasonable minds might disagree concerning whether the search in question was constitutional. Based on its April 18, 2006 memorandum opinion and order, the court holds that George has not demonstrated a substantial question of law or fact under the standard explained in *Valera-Elizondo*. For the reasons set out in the court's April 18, 2006 memorandum opinion and order, George's estranged wife clearly had authority to consent to the search of the marital residence in which she resided, including the storage tub and its contents.

\* \* \*

George's September 20, 2006 application for release pending ruling on appeal by the United States Court of Appeals for the Fifth Circuit is denied. His alternative request for a three-week extension to report for service of his sentence is also denied. The court is today denying his motion. He therefore has sufficient time to seek a ruling from the Fifth Circuit before October 10, 2006, when he must report for service of sentence.

**SO ORDERED**.

September 22, 2006.

                                                    SIDNEY A. FITZWATER
                                                    UNITED STATES DISTRICT JUDGE